```
           IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF TEXAS
                   FORT WORTH DIVISION
```

FREDDIE MONROE PICKETT,            §
(TDCJ No. 1445772)                 §
VS.                                §   CIVIL ACTION NO.4:08-CV-708-Y
                                   §
                                   §
J. NUNN, Warden, Texas             §
Department of Criminal Justice,    §
Rufe Jordan unit, et al.           §

OPINION and ORDER OF DISMISSAL UNDER 28 U.S.C. §§ 1915A(B) and UNDER 28 U.S.C. §§ 1915(e)(2)(B)

This case is before the Court for review of pro-se plaintiff and inmate Freddie Monroe Pickett's claims under the screening provisions of 28 U.S.C. §§ 1915A and 1915(e)(2)(B). Pickett filed a form civil complaint seeking relief under 42 U.S.C. § 1983, accompanied by handwritten attachment pages. Pickett names as defendants J. Nunn, warden, Texas Department of Criminal Justice("TDCJ"), Rufe Jordan unit; Ms. Lamb, law library supervisor, TDCJ-Rufe Jordan unit; Mr. Arnold, assistant warden, TDCJ–Rufe Jordan unit; and Jessica Woodbury, legal assistant, TDCJ-State Counsel for Offenders. (Compl. Style; § IV(B).) Pickett claims that he requested from the officials named as defendants to be given copies of state court and TDCJ records for use in providing copies to this Court in support of his claims in *Pickett v. Slawson, et al.* No.4:08-CV-067-Y, and *Pickett v. Texas, et al.,* No.4:08-CV-594-Y. He alleges that case 4:08-CV-067-Y was dismissed because he was unable to provide copies of court documents. (Compl. § V.) He seeks an order that officials make copies of court records available to him.  (Compl. § VI.)

A complaint filed in forma pauperis that lacks an arguable basis in law should be dismissed under 28 U.S.C. § 1915.[1] Under 28 U.S.C. § 1915(e)(2)(B), a district court retains broad discretion in determining at any time whether an in-forma-pauperis claim should be dismissed.[2] Furthermore, as a part of the Prison Litigation Reform Act ("PLRA"), Congress enacted 28 U.S.C. § 1915A, which requires the Court to review a complaint from a prisoner seeking relief from a governmental entity or governmental officer or employee as soon as possible after docketing.[3] Consistent with § 1915A is prior case law recognizing that a district court is not required to await a responsive pleading to conduct its § 1915 inquiry.[4] Rather, § 1915 gives judges the power to "dismiss a claim based on an indisputably meritless legal theory."[5] After review of the complaint under these standards, the Court concludes that Pickett's claims must be dismissed.

In order to assert a claim for damages for violation of federal

---

[1] *Neitzke v. Williams*, 490 U.S. 319,328 (1989). Section 28 U.S.C. § 1915(e) *requires* dismissal not only when an allegation of poverty is untrue or the action is frivolous or malicious, but also when "the action . . . fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C.A. § 1915(e)(2)(A) and (B)(West 2006).

[2] *See* 28 U.S.C.A. § 1915(e)(2)(West 2006); *Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996); *see also Wesson v. Oglesby,* 910 F.2d 278, 281 (5th Cir. 1990)(discussing authority to dismiss at any time under prior § 1915(d)).

[3] *See* 28 U.S.C.A. § 1915A(a)(West 2006).

[4] *See Schultea v. Wood,* 47 F.3d 1427, 1434 (5th Cir. 1995).

[5] *Id., citing Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

2

constitutional rights under 42 U.S.C. § 1983, a plaintiff must set forth facts in support of the required elements of a § 1983 action: (1) that he has been deprived of a right secured by the Constitution or laws of the United States; and (2) that the defendants deprived him of such right while acting under color of law.[6] Pickett alleges that the defendants violated his constitutional right of access to courts.

The Supreme Court, in *Bounds v. Smith*,[7] recognized a fundamental constitutional right of access to the courts, but has since clarified the scope of a prisoner's right of access to the courts and found that a prisoner must allege an actual injury to support a claim for a violation of such right:

> Because *Bounds* did not create an abstract, freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is sub-par in some theoretical sense . . . [t]he inmate therefore must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim.[8]

---

[6]*See West v. Atkins,* 487 U.S. 42, 48 (1988)(citing cases); *Resident Council of Allen Parkway Village v. U.S. Department of Housing and Urban Development,* 980 F.2d 1043, 1050 (5th Cir.), *cert. denied,* 510 U.S. 820 (1993).

[7]*See Bounds v. Smith,* 430 U.S. 817, 828 (1977)(recognizing prisoners' constitutional right of access to courts); *see generally Bill Johnson's Restaurants, Inc. v. NLRB,* 461 U.S. 731, 741 (1983)("[T]he right of access to the courts is an aspect of the First Amendment right to petition the Government for redress of grievances"); *Johnson v. Atkins,* 999 F.2d 99, 100 (5th Cir. 1993)("Meaningful access to the courts is a fundamental constitutional right, grounded in the First Amendment right to petition and the Fifth and Fourteenth Amendment due process clauses")(quoting *Chrissy F. v. Mississippi Dept. Of Public Welfare,* 925 F.2d 844, 851 (5th Cir. 1991)).

[8]*Lewis v. Casey,* 518 U.S. 343, 351 (1996).

Thus, in order to state a claim on the alleged facts, Pickett must set forth that the complained-of action hindered his efforts to pursue a legal claim.[9]

Although Pickett alleges that the inability to provide certain records as exhibits was the basis of dismissal of a prior action, that is not so.  Both case number 4:08-CV-067 and later case number 4:08-CV-594-Y were dismissed by this Court on because the events Pickett complained of took place more than two years prior to the filing of suit. Pickett does not allege that he was prevented from making the factual allegations in each suit due to the lack of records, rather he contends the records would have confirmed his claims that dates were falsified. Thus, Pickett's complaint in this case does not state a violation of the Constitution on the basis of denial of access to court.  Having failed to state a violation of a constitutional right, Pickett's claims for relief through 42 U.S.C. § 1983 must be dismissed.

Therefore, all of plaintiff Freddie Monroe Pickett's claims are

---

[9]*See Chriceol v. Phillips,* 169 F.3d 313, 317 (5th Cir. 1999)(inmate alleging denial of access to courts must demonstrate actual injury)((citing *Ruiz v. United States,* 160 F.3d 273,275 (5th Cir. 1998)(holding that without proof of actual injury a prisoner cannot prevail on an access-to-the-courts claim)); *see also McDonald v. Steward,* 132 F.3d 225, 230-31 (5th Cir. 1998) (noting that such a plaintiff must show prejudice to his position as a litigant)(citations omitted).

DISMISSED WITH PREJUDICE under the authority of 28 U.S.C. § 1915A(b)(1) and under to 28 U.S.C. § 1915(e) (2)(B)(i) and (ii).

SIGNED April 2, 2009.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE